DALISA, INC. and Enchanted Rock Pictures, L.P./Lawren E. Bradford; Charles E. Pratt, III; Martha Claire Tompkins; John Francis Heard, Jr.; Mary Ellen Heard; Susan Frances Heard; Joan Heard; Michael Thomas Heard; Judith Jacks Lide; James H.W. Jacks; Jennifer Jacks Henley; Liza Billups Lewis; LeAnn Billups; James S. Billups III 1996 Trust No. 1; James S. Billups, III, Trustee; Francesca Billups Mannix; and Marcella Billups Symington, Appellants,

v.

Lawren E. BRADFORD, Charles E. Pratt, III; Martha Claire Tompkins; John Francis Heard, Jr.; Mary Ellen Heard; Susan Frances Heard; Joan Heard; Michael Thomas Heard; Judith Jacks Lide; James H.W. Jacks;

Jennifer Jacks Henley; Liza Billups Lewis; LeAnn Billups; James S. Billups III 1996 Trust No. 1; James S. Billups, III, Trustee; Francesca Billups Mannix; and Marcella Billups Symington/Dalisa, Inc. and Enchanted Rock Pictures, L.P., Appellees.

No. 03–01–00042–CV.

Court of Appeals of Texas, Austin.

June 21, 2002.

Robert M. O'Boyle, Charles G. Orr, Shannon L. O'Leary, Haynes & Boone, L.L.P., Austin, for Appellants.

John J. McKetta III, Kathryn E. Allen, William W. Dibrell, Graves, Dougherty, Hearon & Moody, P.C., Austin, for Appellees.

Before Justices YEAKEL, PATTERSON and POWERS.[*]

JOHN E. POWERS, Justice (Retired).

Dalisa, Inc., and Enchanted Rock Pictures, L.P. ("Dalisa" collectively) appeal from a summary judgment recovered against them by sixteen landowners ("Bradford" collectively).[1] Bradford appeals from a related trial-court order denying his motion to cancel a lis pendens notice recorded by Dalisa. We will sustain Dalisa's motion that we dismiss the appeals for want of an appealable final order.

## THE CONTROVERSY

Under the Uniform Declaratory Judgments Act, Bradford sued Dalisa for the following declaratory relief: (1) Dalisa possessed no interest in Bradford's tract of land; (2) no contract pertaining to the land existed between Dalisa and Bradford; and (3) Dalisa was not entitled to record against the tract a lis pendens notice. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 37.001–.011 (West 1997) (the "Act" hereafter). Bradford also claimed a right to attorney's fees under section 37.009 of the Act.

Dalisa included in its answer the following counterclaims: an action for specific performance of an alleged contract or contracts wherein Bradford agreed to sell the land to Dalisa; actions for money damages based upon allegations of fraudulent or negligent misrepresentation made by Bradford in the course of negotiations aimed at selling the land to Dalisa; a

---

[*] Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).

1. The landowners are Lawren E. Bradford; Charles E. Pratt, III; Martha Claire Tompkins; John Francis Heard, Jr.; Mary Ellen Heard; Susan Frances Heard; Joan Heard; Michael Thomas Heard; Judith Jacks Lide; James H.W. Jacks; Jennifer Jacks Henley; Liza Billups Lewis; LeAnn Billups; James S. Billups III 1996 Trust No. 1; James S. Billups, III, Trustee; Francesca Billups Mannix; and Marcella Billups Symington.

statutory cause of action for declaratory relief establishing in Dalisa an equitable title or other interest in the land; and a claim for imposition of a constructive trust against the land securing large sums allegedly spent by Dalisa in reliance upon misrepresentations made by Bradford in the course of negotiations.

Bradford moved for partial summary judgment. After hearing, the trial judge signed a "Final Judgment" awarding Bradford the following declaratory relief: (1) Dalisa has no contract for the purchase of Bradford's land; (2) Dalisa owns no beneficial interest in the land; and (3) Dalisa possesses no other interest in the land sufficient to support the filing of a lis pendens notice or otherwise to cloud Bradford's title.

Immediately after signing the "Final Judgment," the trial judge severed from the cause Bradford's claim for declaratory relief under the Act, leaving for an independent adjudication Bradford's claim for attorney's fees under section 37.009 of the Act and Dalisa's counterclaims. The trial court denied, however, Bradford's motion to cancel the lis pendens notice recorded by Dalisa.

Dalisa appealed to this Court from the order granting Bradford's motion for summary judgment. Bradford appealed from the denial of his motion to cancel the lis pendens notice. We consolidated the two appeals.

Dalisa contends the trial court abused its discretion by severing Bradford's statutory cause of action under the Act; and, as a result, there is no valid severance order upon which our appellate jurisdiction depends.

## SEVERANCE ORDERS UNDER RULE 41, TEXAS RULES OF CIVIL PROCEDURE

▪ Rule 41 of the Texas Rules of Civil Procedure states that "[a]ny claim against a party may be severed and proceeded with separately." Tex.R. Civ. P. 41. The effect of a severance is to divide a lawsuit into two or more independent suits that will be adjudicated by distinct and separate judgments. *See Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 383 (Tex.1985). "The controlling reasons for a severance are to do justice, avoid prejudice[,] and further convenience." *Guaranty Fed. Savs. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex.1990).

▪ In their administration of Rule 41, trial courts have broad authority and their decisions to grant or deny a severance will not be reversed on appeal absent an abuse of discretion. *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex.1996). The discretion vested in trial courts is not, however, without limits. Theirs is "a sound and legal discretion within limits created by the circumstances of the particular case." *Womack v. Berry*, 156 Tex. 44, 291 S.W.2d 677, 683 (1956). Such discretion may not be exercised contrary to legal rules and principles applicable in the particular case. *See Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex.1998); *Del Valle Indep. Sch. Dist. v. Lopez*, 863 S.W.2d 507, 513 (Tex.App.-Austin 1993, writ denied).

▪ Compliance with Rule 41, providing for the severance of "[a]ny claim," requires the following: (1) a controversy involving more than one cause of action; (2) a severed claim that is the proper subject of a lawsuit if asserted independently of the other claims; and (3) a severed claim that is not so interwoven with the remaining actions as to involve the same facts and issues. *See State Dept. of Highways & Public Transp. v. Cotner*, 845

S.W.2d 818, 819 (Tex.1993). Rule 41 is also governed by this venerable rule: "[s]everance of a single cause of action into two parts is never proper and should not be granted for the purpose of enabling the litigants to obtain an early appellate ruling on the trial court's determination of one phase of the case." *Pierce v. Reynolds,* 160 Tex. 198, 329 S.W.2d 76, 79 n. 1 (1959); *see also Pustejovsky v. Rapid American Corp.,* 35 S.W.3d 643, 647 (Tex.2000) ("The reason for the rule lies in the necessity for preventing vexatious and oppressive litigation, and its purpose is accomplished by forbidding the division of a single cause of action so as to maintain several suits when a single suit will suffice.").

## BRADFORD'S CLAIM FOR ATTORNEY'S FEES UNDER THE ACT

■ The trial-court severance necessarily implies a conclusion by that court that Bradford's claim for declaratory relief under section 37.003 of the Act and his claim for attorney's fees under section 37.009 can be adjudged in independent lawsuits culminating in separate and distinct judgments. Dalisa contends the two claims are instead merely different phases of a single cause of action. We concur with Dalisa.

■ Section 37.009 is headed "Costs" and states as follows: "*In* any *proceeding* under this chapter, the court may award costs and reasonable attorney's fees as are equitable and just." Tex. Civ. Prac. &

Rem.Code Ann. § 37.009 (emphasis added). "That a suit for the statutory attorney's fees as a separate action could not be maintained is evident from the wording of the statute. . . . The attorney's fees, while not costs, partake of the nature of the costs of suit and are assessed *in accordance with the judgment*" reached in the proceeding. *Huff v. Fidelity Life Ins. Co.,* 158 Tex. 433, 312 S.W.2d 493, 501 (1958) (emphasis added). While the opinion in *Huff* referred to the statutory predecessor of the attorney's-fee provisions now found in section 38.001 of the Texas Civil Practice and Remedies Code, the reasoning applies all the more, in our view, to section 37.009 of the Act which prescribes a single "proceeding" and measures the fees awarded by the equities and justice revealed in that particular proceeding.[2]

Bradford urges six appellate decisions in support of his position that a claim for attorney's fees under section 37.009 may be maintained in an independent proceeding and made the subject of a separate and distinct judgment. Four of the decisions involve different statutory authorizations for the recovery of attorney's fees.[3] A fifth decision does involve a proceeding under the Act.[4] In each of the five cases, however, the claim for attorney's fees was severed by the *appellate* court and remanded for a new trial. An appellate-court severance of this character is authorized by Rules 43.2(d), 43.3(a), (b), and 43.6 of the Texas Rules of Appellate Procedure,

2. Attorney's fees incurred in defending a separate lawsuit cannot be recovered under section 37.009 of the Act, notwithstanding that the separate lawsuit concerned the same issues as those in the declaratory judgment suit. *See National Union Fire Ins. Co. v. Care Flight Air Ambulance Service, Inc.,* 18 F.3d 323, 330 (5th Cir.1994).

3. *Great Am. Res. Ins. Co. v. Britton,* 406 S.W.2d 901, 907 (Tex.1966); *ASAI v. Vanco Insulation Abatement, Inc.,* 932 S.W.2d 118,

124 (Tex.App.-El Paso 1996, no writ); *Industrial Disposal Supply Co. v. Perryman Bros. Trash Serv.,* 664 S.W.2d 756, 761 (Tex.App.-San Antonio 1983, writ ref'd n.r.e.); *Leal v. Leal,* 628 S.W.2d 168, 171 (Tex.App.-San Antonio 1982, no writ).

4. *International Ass'n of Firefighters Loc. 624 v. San Antonio,* 822 S.W.2d 122, 132 (Tex.App.-San Antonio 1991, writ denied).

and not by Rule 41 of the Texas Rules of Civil Procedure. *See* Tex.R.App. P. 43.2(d), 43.3(a), (b), 43.6. Severance of a part of a claim for remand to the trial court invokes different considerations.[5] Bradford's sixth case is in point. The case is *Grain Dealers Mutual Insurance Co. v. McKee*, 911 S.W.2d 775 (Tex.App.-San Antonio 1995). Therein, the appellate court concluded, without citation of authority or supporting rationale, that a claim for attorney's fees under section 37.009 could proceed to a hearing and judgment independently of a claim for declaratory relief under the Act. We disagree for the reasons stated above. In any event, the claim for attorney's fees vanished from the *McKee* case when the supreme court reversed the court of appeal's judgment and rendered its own contrary "take nothing" judgment on the merits of the plaintiff's claim for declaratory relief. *See Grain Dealers Mut. Ins. Co. v. McKee*, 943 S.W.2d 455 (Tex.1997).

We hold the trial court abused its discretion when it severed Bradford's claim for declaratory relief from his claim for attorney's fees under the Act.[6]

## DALISA'S COUNTERCLAIMS

■ As indicated above, the discretion lodged in trial courts by Rule 41 may not be exercised in a manner that is contrary to legal rules and principles applicable in the particular case. One such rule forbids the severance of a claim that is interwoven with the remaining actions to an extent that they involve the same facts and issues. We believe that rule was violated here.

Bradford requests negative declaratory relief exclusively: that Dalisa possesses no interest in the Bradford tract, that no contract exists between the parties by reason of negotiations and writings exchanged between them, and that Dalisa in consequence has no right to record a lis pendens notice against the tract. Dalisa's requested declaratory relief is exactly contrapositive: that Dalisa does possess a legal or equitable interest in the Bradford tract by reason of a contract resulting from negotiations between the parties and writings exchanged between them. Ancillary to its request for declaratory relief, Dalisa requested specific performance of the alleged contract or, alternatively, money damages for fraudulent or negligent misrepresentations allegedly made by Bradford in the course of their negotiations. It is difficult to conceive how these opposing actions do *not* involve the same facts and issues. We conclude from the face of the parties' pleadings that they do.

5. *See, e.g., Westgate, Ltd. v. State*, 843 S.W.2d 448, 455 (Tex.1992); *Otis Elevator Co. v. Bedre*, 776 S.W.2d 152, 153 (Tex.1989); *Lakewood Pipe of Tex., Inc. v. Conveying Techniques, Inc.*, 814 S.W.2d 553, 557 (Tex.App.-Houston [1st Dist.] 1991, no writ); *Butt v. Gonzalez*, 646 S.W.2d 584, 585 (Tex.App.-San Antonio 1983, no writ).

6. If we understand correctly the dissenting opinion, it concedes the correctness of our holding, *under existing authorities*, regarding the trial-court severance of Bradford's claim for statutory attorney's fees. The dissenting opinion contends for an opposite holding, however, because "the trial bench and bar" have become "comfortable" with a contrary, if incorrect, practice that "appellate courts have largely ignored." If it indeed exists, such a practice is untenable. Suppose, for example, that we must reverse a plaintiff's money judgment and render judgment that he take nothing on the merits of his claim against the defendant. Then, in a separate appeal from an independent judgment awarding the plaintiff attorney's fees, we find we must affirm that judgment because no reversible error is shown in the record of that severed proceeding. This would be intolerable, the opposite of a rational system for the administration of justice.

We therefore hold the trial court abused its discretion when it severed Bradford's claim for declaratory relief from Dalisa's counterclaims because both are interwoven to an extent that they involve the same facts and issues. *See, e.g., Rucker and Tracom, Int'l v. Bank One Texas, N.A.*, 36 S.W.3d 649, 651–52 (Tex.App.-Waco 2000, pet. denied); *Fuentes v. McFadden*, 825 S.W.2d 772, 779 (Tex.App.-El Paso 1992, no writ); *Mathis v. De La Garza & Assocs., P.C.*, 778 S.W.2d 105, 106 (Tex.App.-Texarkana 1989, no writ).[7]

## DISPOSITION OF THE APPEALS

■■■■■ To be appealable, Bradford's summary judgment must dispose of all parties and all issues before the trial court. *See Mafrige v. Ross*, 866 S.W.2d 590, 591 (Tex.1993). Such a judgment may result, in cases like the present, from a valid severance order. The summary judgment awarding Bradford declaratory relief does not satisfy this requirement because the severance order is the result of an abuse of discretion. The invalid severance is prejudicial because it converted into a final judgment a judgment that is interlocutory. *See National Sur. Corp. v. Standard Concrete Pipe Sales Co.*, 366 S.W.2d 103, 105 (Tex.Civ.App.-Houston [1st Dist.] 1963, no writ).

■■■■ We vacate the trial-court severance order for the abuse of discretion found above. For want of an appealable judgment, we dismiss Dalisa's appeal from the summary judgment recovered by Bradford. Bradford's appeal from the tri-

al-court order denying his motion to cancel the lis pendens notice depends upon the merits and validity of his claim for declaratory relief. No final judgment has been rendered sustaining his claim in that regard. His appeal is therefore premature.

We dismiss the consolidated appeal for want of jurisdiction.

LEE YEAKEL, Justice, dissenting.

Because the majority today substitutes its judgment for that of the district court in matters within that court's discretion, thus greatly restricting a trial court's ability to procedurally manage cases pending before it, I respectfully dissent.

## I. The Issue

The majority dismisses this appeal, holding that this Court lacks jurisdiction to entertain it because the district court erred in severing portions of the case, postjudgment, thereby rendering his final judgment interlocutory and unappealable. Simply stated, it is the majority's view that the district court did not follow existing law when he severed Bradford's claim for attorney's fees and Dalisa's counterclaims from Bradford's original action for declaratory relief.[1]

The Texas Rules of Civil Procedure provide that "[a]ny claim against a party may be severed and proceeded with separately." Tex.R. Civ. P. 41. The supreme court has repeatedly affirmed that Rule 41 invests the trial court with broad discretion in dealing with matters of severance. *Guaranty Fed. Sav. Bank v. Horseshoe*

---

**7.** Similar instances of counterclaims interwoven with the plaintiff's claim so as to involve the same facts and issues are found in the following illustrative cases: *Jinkins v. Bryan*, 763 S.W.2d 539 (Tex.App.-Amarillo 1988, pet. denied); *Bentley Village, Ltd. v. Nasits Bldg. Co.*, 736 S.W.2d 919 (Tex.App.-Tyler 1987, no writ); *McWilliams v. Gilbert,*

715 S.W.2d 761 (Tex.App.-Houston [1st Dist.] 1986, no writ); and, *Bohart v. First Nat'l Bank*, 536 S.W.2d 234 (Tex.Civ.App.-Eastland 1976, writ ref'd n.r.e.).

**1.** For clarity, I will refer to the parties in the same manner as the majority, "Dalisa" and "Bradford."

*Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990) (citing *McGuire v. Commercial Union Ins. Co.*, 431 S.W.2d 347 (Tex.1968)). Indeed, severance of claims "rests within the *sound* discretion of the trial court." *Liberty Nat. Fire Ins. Co. v. Akin,* 927 S.W.2d 627, 629 (Tex.1996) (emphasis added) (citing *Guaranty Fed. Sav. Bank,* 793 S.W.2d at 658; *Hamilton v. Hamilton,* 154 Tex. 511, 280 S.W.2d 588, 591 (1955)). A trial court abuses its discretion if its decision "is arbitrary, unreasonable, and without reference to guiding principles," *Goode v. Shoukfeh,* 943 S.W.2d 441, 446 (Tex. 1997) (quoting *Mercedes–Benz Credit Corp. v. Rhyne,* 925 S.W.2d 664, 666 (Tex. 1996)), or if it simply rules "without regard to guiding legal principles." *Bocquet v. Herring,* 972 S.W.2d 19, 21 (Tex.1998); *see also Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992) (orig. proceeding) ("A trial court has no 'discretion' in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. . . ."). However stated, if the trial court fails to analyze or apply the law correctly or interprets the law incorrectly, the trial court has abused its discretion. This is true whether dealing with a mandamus action, like *Walker,* or an appeal, as is the case before this Court. *See* W. Wendell Hall, *Standards of Review in Texas,* 29 St. Mary's Law Journal 351, 362–67 (1998).

## II. Attorney's Fees

It will no doubt come as a surprise to the trial bench and bar alike to discover that a trial court cannot reserve for later determination the amount of attorney's fees to be awarded. It is not uncommon for a trial court to sever issues of attorney's fees from the main suit, allowing the substantive issues in the case to go before the appellate court before assessing liability for and the amount of the fees to be awarded. Indeed, a strong argument may be made that such is the preferable practice. It avoids the rather awkward procedure often employed, but now by implication mandated in all cases, of guessing a reasonable attorney's fee for a successful appeal to the court of appeals, for drafting a petition for review to the supreme court, for briefing in the supreme court, and for oral argument in the supreme court. Courts euphemistically refer to this practice as a "conditional award" of attorney's fees. *See, e.g., Hughes v. Habitat Apartments,* 828 S.W.2d 794, 795 (Tex.App.-Dallas 1992, no writ) ("An award of appellate attorney's fees is a conditional award, depending upon the outcome of the appeal. A trial court must condition an award of appellate attorney's fees upon the appellant's unsuccessful appeal."). The supreme court has long recognized this practice. *See International Sec. Life Ins. Co. v. Spray,* 468 S.W.2d 347, 349 (Tex.1971) (approving form of trial-court judgment where "a total award [of attorney's fees] is first fixed and then a proviso is added which reduces the award by remittitur in the absence of appellate steps").

Before today, a trial court, in the exercise of its discretion, often severed attorney's-fee issues. If, after the appellate process had run its course, issues remained regarding the entitlement to or the amount of attorney's fees that might be recovered in the action, the trial court could determine such issues based on real, not theoretical, knowledge of the final outcome of the case and the actual time and effort of the attorneys. This seems to me to be the preferable practice, particularly if left to the discretion of the trial court.

The majority takes a narrow view of the instances in which a trial court can sever a claim from the main suit, determining that the supreme court's general language in

*Guaranty Federal Savings Bank* restricts a trial court's ability to sever a claim to those instances where "(1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues." *Guaranty Fed. Sav. Bank*, 793 S.W.2d at 658 (quoted in *State Dep't of Highways & Public Transp. v. Cotner*, 845 S.W.2d 818, 819 (Tex.1993)).[2] Today, for the first time, an appellate court applies this test to a request for attorney's fees.

I do not doubt that it may be so applied. In a general sense, the majority is correct. The consideration of attorney's fees is the consideration of an *issue* or *claim*, not the consideration of a separate *cause of action*. In such an analysis, a trial court's severance of an attorney's-fee demand can never survive appellate-court scrutiny and must always render the trial-court judgment interlocutory. This is so because "attorney's fees may not be recovered from an opposing party *unless such recovery is provided for by statute or by contract between the parties*." *Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 593 (Tex.1996) (emphasis added).(citing *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex.1992); *New Amsterdam Cas. Co. v. Texas Indus.*, 414 S.W.2d 914, 915 (Tex.1967)). However, I believe that our jurisprudence provides an exception to the general independent-cause-of-action rule, which allows a trial court to sever an attorney's-fee request from the main case, even though the request could not stand alone in its own right.

Initially, it is important to note that neither *Guaranty Federal Savings Bank* nor *Cotner*, nor any case in their pedigree, concerns or discusses the propriety of a trial court's preappeal severance of a request for attorney's fees. *See, e.g., Guaranty Fed. Sav. Bank*, 793 S.W.2d at 658 (affirming trial court's severance of third-party action); *Cotner*, 845 S.W.2d at 819 (reversing severance because facts and issues relating to liability for automobile accident same for multiple plaintiffs). There is a paucity of reported cases in which an appellate court has even mentioned a trial court's severance of an attorney's-fee claim. One is without precedential value due to its reversal on the

---

**2.** This three-part test first appears in a law-review comment in 1958:

> [I]n order that there may be a severance:
> (1) There must be a controversy involving more than one cause of action.
> (2) The cause severed must be such that it could be the proper subject of a lawsuit were it the only claim involved in the controversy.
> (3) The causes sought to be severed must not be so interwoven as to involve the same identical facts and issues nor, in certain instances, may the causes be severed if they relate to the same subject matter.

Robert A. Hall, Comment, *Severance and Separate Trial in Texas*, 36 Tex. L.Rev. 339, 339 (1958) (footnotes omitted). The progression from law-review comment to supreme-court standard is traced by the following cases:

*Hayes v. Norman*, 383 S.W.2d 477, 478–79 (Tex.Civ.App.-Corpus Christi 1964, writ ref'd n.r.e.) (citing Hall, *supra* ); *Straughan v. Houston Citizens Bank & Trust Co.*, 580 S.W.2d 29, 33 (Tex.Civ.App.-Houston [1st Dist.] 1979, no writ) (citing *Hayes*, 383 S.W.2d 477; Hall, *supra* ); *Saxer v. Nash Phillips-Copus Co. Real Estate*, 678 S.W.2d 736, 739 (Tex.App.-Tyler 1984, no writ) (citing *Straughan*, 580 S.W.2d 29); *Weaver v. Jock*, 717 S.W.2d 654, 662 (Tex.App.-Waco 1986, writ ref'd n.r.e.) (citing *Hayes*, 383 S.W.2d at 478–79); *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990) (citing *Weaver*, 717 S.W.2d 654; *Saxer*, 678 S.W.2d 736); *State Dep't of Highways & Public Transp. v. Cotner*, 845 S.W.2d 818, 819 (Tex.1993) (citing *Guaranty Fed. Sav. Bank*, 793 S.W.2d 652).

merits of the whole case by the supreme court. *See Grain Dealers Mut. Ins. Co. v. McKee*, 911 S.W.2d 775, 782–83 (Tex.App.-San Antonio 1995), *rev'd on other grounds*, 943 S.W.2d 455 (Tex.1997). In another, the supreme court recognized, but did not discuss, the trial court's action: "[T]he district court granted judgment for defendants *and severed their claims for attorney fees* and damages. . . . The defendants nonsuited their tort claims, and the parties then tried defendants' claim for attorney fees to the bench." *Bocquet*, 972 S.W.2d at 20 (emphasis added). We may discern from *McKee* and *Bocquet*, however, that the supreme court is aware of trial-court attorney's-fee-severance practice but has chosen not to address it. In *National Surety Corp. v. Standard Concrete Pipe Sales Co.*, 366 S.W.2d 103 (Tex.Civ.App.-Houston [1st Dist.] 1963, no writ), the court of appeals held it to be error for the trial court to *include* in a summary judgment an order severing an attorney's-fee issue in a suit on an account when the defendant, in controverting affidavits, raised an issue of fact as to the reasonableness of the attorney's fees demanded in the plaintiff's motion for summary judgment. *Id.* at 105. The crux of the court's holding was that the defendant was entitled to rely on its affidavits as raising a fact issue to defeat the summary-judgment motion. *Id.* The outcome may well have been different if the severance had come *after* a ruling on the motion for summary judgment. *See Cherokee Water Co. v. Forderhause*, 641 S.W.2d 522, 526 (Tex.1982) (holding that trial court did not abuse its discretion in severing defendant's counterclaim after summary judgment was granted as to plaintiff's claim).

Bradford directs this Court to several cases in which appellate courts have severed attorney's fees claims and remanded for a new trial. *See Great Am. Reserve Ins. Co. v. Britton*, 406 S.W.2d 901, 907 (Tex.1966); *ASAI v. Vanco Insulation Abatement, Inc.*, 932 S.W.2d 118, 124 (Tex. App.-El Paso 1996, no writ); *International Ass'n of Firefighters Local 624 v. City of San Antonio*, 822 S.W.2d 122, 132 (Tex. App.-San Antonio 1991, writ denied); *Industrial Disposal Supply Co. v. Perryman Bros. Trash Serv., Inc.*, 664 S.W.2d 756, 761 (Tex.App.-San Antonio 1983, writ ref'd n.r.e.); *Leal v. Leal*, 628 S.W.2d 168, 171 (Tex.App.-San Antonio 1982, no writ). The majority distinguishes and discards these cases because, in each, the attorney's-fee issue was severed by the *appellate*, as opposed to the *trial*, court, and "[s]everance of a part of a claim for remand to the trial court invokes different considerations." *Dalisa, Inc. v. Bradford*, No. 03–01–42–CV, slip op. at 881 (Tex. App.-Austin 2002, no pet. h.). The majority, although technically correct, discards these cases too quickly.

What the majority actually holds is that only *causes of action* may be severed by a trial court. This would appear consistent with the language of *Guaranty Federal Savings Bank. See* 793 S.W.2d at 658. But the supreme court, in *Guaranty Federal Savings Bank* and later *Cotner*, has created confusion by interchanging *cause* with *claim*, thus leaving the impression that something less than a stand-alone cause of action is capable of trial-court severance.[3] The confusion has been enhanced because the appellate courts of this state have consistently stated that a claim for attorney's fees is a *severable claim.* Such is true of each case cited by Brad-

---

**3.** The language used by Hall in his comment avoided such confusion. *See* Hall, *supra,* note

2.

ford: "The claim for attorney fees is a severable claim, and under Rule 503, Texas Rules of Civil Procedure, we are authorized to sever the claim and reverse the judgment as to it only, which we do." *Britton*, 406 S.W.2d at 907. "The claim for attorney's fees is a severable claim and we are authorized to sever the claim and reverse and remand the judgment only insofar as it pertains to attorney's fees." *ASAI*, 932 S.W.2d at 124. "We sever, reverse, and remand that portion of the judgment which denied attorney's fees to plaintiffs...." *International Ass'n of Firefighters*, 822 S.W.2d at 132. "The claim for attorney's fees is a severable claim and we are authorized to sever the claim and reverse and remand the judgment only insofar as it pertains to attorney's fees." *Industrial Disposal Supply*, 664 S.W.2d at 761. "The claim for attorney's fees is a severable claim." *Leal*, 628 S.W.2d at 171.[4] With appellate courts consistently advising trial courts that a claim for attorney's fees is a "severable" claim, it is little wonder that trial courts lost sight of the nuance that only appellate courts could do the severing.

The majority is correct that neither section 37.009 nor section 38.001 of the civil practice and remedies code recognizes a stand-alone action for attorney's fees. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 37.009 & 38.001 (West 1997); *see also Huff v. Fidelity Life Ins. Co.*, 158 Tex. 433, 312 S.W.2d 493, 501 (1958) (previous statute); *Standard Concrete Pipe*, 366 S.W.2d at 104 (previous statute). And, as originally promulgated, the supreme court may have meant for Rule 41 to allow a trial court to sever only a distinct cause of action. *See* Tex.R. Civ. P. 41.

> Severance is proper ... only where the suit involves two or more separate and distinct causes of action. Each of the causes into which the action is severed must be such that the same might properly be tried and determined if it were the only claim in controversy.... A severable cause of action may be tried separately ..., but an issue that might properly be the subject of a separate trial is not necessarily severable.

*Kansas Univ. Endowment Ass'n v. King*, 162 Tex. 599, 350 S.W.2d 11, 19 (1961). In *King*, the supreme court recognized the confusion caused by appellate courts, including itself, using the terms "separate trial" and "severance" synonymously. *Id.* The court also referred to Hall's comment

4. *See also Zemaco, Inc. v. Navarro*, 580 S.W.2d 616, 621 (Tex.Civ.App.-Tyler 1979, writ dism'd) ("The claim for attorney's fees is a severable claim. We are authorized to sever the claim for attorney's fees and reverse and remand the judgment as to it only."); *Hopkins v. Hopkins*, 539 S.W.2d 242, 249 (Tex.Civ.App.-Fort Worth 1976, writ dism'd) ("We reverse the judgment of the trial court insofar as it awards an amount as attorney's fees, and sever the issues thereupon from all other aspects of the case; and as a severed case remand the same to the trial court for a new trial."); *Uhl v. Uhl*, 524 S.W.2d 534, 539 (Tex.Civ.App.-Fort Worth 1975, no writ) ("We sever and reverse and remand the case upon the issue of reasonable amount to be allowed plaintiff as attorney's fees...."); *Cicero Smith Lumber Co. v. Gaston*, 447 S.W.2d 736, 738 (Tex.Civ.App.-Amarillo 1969, writ ref'd n.r.e.) ("The claim for attorney's fees is a severable claim. We are authorized to sever the claim for attorney's fees and reverse and remand the judgment as to it only."); *Schecter v. Folsom*, 417 S.W.2d 180, 184 (Tex.Civ.App.-Dallas 1967, no writ) ("[T]he claim for attorney's fees was severed [in *Great American Reserve Insurance Co. v. Britton*, 406 S.W.2d 901, 907 (Tex.1966)], and the judgment reversed as to attorney's fees only. We shall do the same in this case."); *Rhoades v. Miller*, 414 S.W.2d 942, 945 (Tex.Civ.App.-Tyler 1967, no writ) ("In view of the fact that the claim for attorney's fees is a severable claim, we are authorized to sever the claim and reverse the judgment as to it only, which we do.").

for a comparison of the two terms as well as an analysis of the cases leading to the confusion. *Id.* (citing Robert A. Hall, Comment, *Severance and Separate Trial in Texas,* 36 Tex. L.Rev. 339 (1958)). There is little doubt that the persistent trial-court confusion with regard to when the court can order a *separate trial,* as opposed to a *severance,* has led to the issue before this Court today. Such confusion lies at the very heart of appellate courts' continual use of phrases such as "the claim for attorney's fees is a severable claim."

Although its genesis may have been in confusion, it is my belief that, as applied to a claim for attorney's fees, severance practice has developed a character of its own, evolving into a system with which both the trial bench and bar are comfortable and, until today, appellate courts have largely ignored. Such evolution is to be expected.

> The truth is, that the law is always approaching, and never reaching, consistency. It is forever adopting new principles from life at one end, and it always retains old ones from history at the other, which have not yet been absorbed or sloughed off. It will become entirely consistent only when it ceases to grow.

Oliver Wendell Holmes, Jr., The Common Law 36 (Legal Classics Library 1982) (1881). I see no reason to disturb a practice that is the natural outgrowth of trial courts' exercising their discretion to prevent the attorney's-fee tail from wagging the substantive-issue dog.

The supreme court has observed that "[t]he controlling reasons for a severance are to do justice, avoid prejudice and further convenience." *Guaranty Fed. Sav. Bank,* 793 S.W.2d at 658. Nothing could do more violence to this principle than restricting the trial court's power to adjudicate attorney's-fee claims within or without the main action as the court, in its discretion and with due consideration to its charge to do justice, avoid prejudice, and further convenience, deems proper. In severing Bradford's claim, the district court did not act "without regard to guiding legal principles," *Bocquet,* 972 S.W.2d at 21, but observed them. It is my hope that the supreme court will examine current practice, clear the confusion, and state the extent to which a trial court may separately consider and resolve attorney's-fee issues.

## III. Counterclaims

I also disagree with my colleagues' holding that the district court abused his discretion when he severed Dalisa's counterclaims. The district court's final judgment declared that

(a) [Dalisa has] no contract for the purchase of the real property of [Bradford] that is described in [Bradford's] Original Petition (the "Property");

(b) [Dalisa has] no beneficial interest in the Property; and

(c) [Dalisa has] no other interest in the Property sufficient to support the filing of any lis pendens or otherwise to cloud [Bradford's] title.

The district court had earlier granted Bradford partial summary judgment on these issues and, on the same day the above-quoted judgment was signed, severed into a separate case "all of [Dalisa's] causes of action for damages and attorneys' fees and [Bradford's] request for an award of reasonable and necessary attorneys' fees under the Declaratory Judgment Act." The stated reason for the court's action was to prevent Dalisa's damage claims from delaying resolution of the legal title to the property at issue. The district court thus severed the parties' *title* claims from their *damage* claims. I believe this action to be appropriate and well within the district court's discretion.

I see no difference between the district court's action here and that approved by the supreme court in *Cherokee Water Co.* Cherokee held real property by virtue of a deed that conveyed it title to the surface estate and a preferential right to acquire the mineral estate, which the grantor had reserved, if the grantor decided to sell the minerals. *Cherokee Water Co.,* 641 S.W.2d at 523.

> Cherokee Water Company [Cherokee], as holders of the preferential right to purchase, brought suit against Martha Paul Rogers Forderhause and others [mineral owners] for declaratory judgment and specific performance of the preferential right to purchase. The mineral owners brought a counterclaim for reformation of the deed. Both Cherokee and the mineral owners moved for summary judgment.
>
> The trial court granted Cherokee's motion for summary judgment. *It severed the mineral owners' claim for reformation of the deed.* The trial court found that Cherokee was the holder of a preferential right to purchase under the deed, that and oil and gas lease executed by the mineral owners constituted an attempted sale of the oil, gas and other minerals under the terms of the preferential right to purchase, and ordered specific performance.

*Id.* (emphasis added) (brackets in original). In approving the trial-court severance, the supreme court observed that "[a] claim may be properly severed if it is part of a controversy which involves more than one cause of action, and *the trial judge is given broad discretion in the manner of severance and consolidation of causes.*" *Id.* at 525 (emphasis added) (citing *McGuire,* 431 S.W.2d 347). Although the court stopped short of endorsing post-summary-judgment severance to obtain appellate review of a portion of a trial-court case, the court found such practice to be within the trial court's discretion:

> Under these facts, we cannot find ... abuse of discretion. The reformation claim was severed *after* summary judgment was granted for Cherokee, apparently in an effort to expedite appellate review of the declaratory judgment action. While it may have been preferable to try the reformation issue before an appeal would normally lie, we cannot say that any abuse of discretion occurred.

*Id.* at 526. I cannot distinguish the district court's action in the case at bar from that of the trial court in *Cherokee Water Co.*

By holding that the district court "abused its discretion when it severed Bradford's claim for declaratory relief from Dalisa's counterclaims because both are interwoven to an extent that they involve the same facts and issues," *Dalisa,* slip op. at 881, the majority has intruded in an area best left to trial courts. This Court, indeed the author of the majority opinion, has recognized that the abuse-of-discretion standard is "so amorphous that it means everything and nothing at the same time." *Landon v. Jean–Paul Budinger, Inc.,* 724 S.W.2d 931, 935 (Tex. App.-Austin 1987, no writ). The majority today renders the standard even more shapeless.

## IV.  Harm or Prejudice

Finally, I do not agree that harm or prejudice is shown simply because a severance has the effect of converting an otherwise interlocutory judgment into a final one. *Dalisa,* slip op. at 882 (citing *Standard Concrete Pipe,* 366 S.W.2d at 105). The majority reads, and the First Court of Appeals perhaps wrote, *Standard Concrete Pipe* too broadly. In the limited factual context of the case—the trial court's ordering a severance within the body of an order granting summary judgment, *Standard Concrete Pipe,* 366 S.W.2d at 104–05—it is perhaps arguable that the court's

sweeping statement, without reference to authority, that "[t]he error of the [trial] court in granting severance was prejudicial in that it made what otherwise would have been an interlocutory summary judgment final," is correct. *Id.* at 105. I do not find *Standard Concrete Pipe* persuasive authority when, as here, the trial court severs *after* granting summary judgment as to a portion of the cause. *See Cherokee Water Co.,* 641 S.W.2d at 526. As is germane to severance practice, *Standard Concrete Pipe* is authority only for the proposition that a trial court cannot deprive a summary-judgment nonmovant of the benefit of its controverting affidavits by severing the issue controverted before granting summary judgment.

## V. Conclusion

This Court accomplishes nothing but a further delay in the resolution of this cause by dismissing the appeal. I would overrule Dalisa's motion to dismiss and consider the appeal on its merits. Because the majority does otherwise, I respectfully dissent.

