COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO. 2-05-131-CV

 

 

TOWN OF FLOWER MOUND, TEXAS                                       APPELLANT

 

                                                   V.

 

UPPER TRINITY REGIONAL                                                      APPELLEE

WATER DISTRICT

 

                                              ------------

 

            FROM THE 211TH
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------








Appellant
Town of Flower Mound, Texas appeals from the trial court=s order denying its plea to the
jurisdiction.  Appellant argues that the
trial court lacked subject matter jurisdiction over Appellee Upper Trinity
Regional Water District=s claim for attorney=s fees because the attorney=s fees claim was not a separate
cause of action that could have been asserted independently by Appellee,
separate and apart from Appellant=s request for declaratory judgment.  We affirm. 

PROCEDURAL
BACKGROUND

Appellant
filed suit against Appellee, seeking a declaratory judgment under chapter 37 of
the Texas Civil Practice and Remedies Code, damages for breach of contract, and
injunctive relief in connection with the establishment of rates and charges to
be paid by Appellant pursuit to its contract with Appellee for wholesale water
service (hereinafter referred to as the Flower Mound Lawsuit).  As part of its response to Appellant=s Chapter 37 claims, Appellee
sought affirmative relief for attorney=s fees under Texas Civil Practice and Remedies Code
section 37.009.  Tex. Civ. Prac. & Rem. Code Ann. ' 37.009 (Vernon 1997).  While the Flower Mound Lawsuit was pending,
Appellee filed an independent action seeking the judicial validation of its
proposed public securities pursuant to chapter 1205 of the Texas Government
Code, the Expedited Declaratory Judgment Act (hereinafter referred to as the
District Lawsuit).  Tex. Gov=t Code Ann. '' 1205.001-.152 (Vernon 2000).








The
trial court consolidated the Flower Mound Lawsuit and the District Lawsuit.[1]  Appellee filed a motion in the District
Lawsuit, requesting that the court require Appellant to post a bond Afor any damage or cost that may
occur because of the delay caused@ by Appellant=s opposition to Appellee=s request for judicial validation.  See Tex.
Gov=t Code
Ann. ' 1205.101(a).  The trial court orally granted Appellee=s motion and required Appellant to
post a security bond of $3,450,000 in order to continue its opposition to the
request for judicial validation under Chapter 1205; otherwise, Appellant would
be dismissed from the proceedings.[2]









Subsequently,
Appellant nonsuited all of its claims for affirmative relief, including the
Chapter 37 claim for declaratory relief. 
Thus, the only issue that remained before the trial court under Chapter
37 was Appellee=s affirmative request for
reasonable and necessary attorney=s fees under Texas Civil Practice and Remedies Code
section 37.009.  The parties orally
agreed that the Chapter 1205 claims should be severed from the Chapter 37
claims because Appellant=s opposition to the continued
litigation over Appellee=s request for reasonable and
necessary attorney=s fees under Chapter 37 would
invoke the bond requirement of section 1205.101(a). 








On
August 31, 2004, the trial court signed an order reciting that Appellant had
nonsuited all of its claims in the Flower Mound Lawsuit and the District
Lawsuit.  The trial court dismissed
Appellant=s claims without prejudice.  On September 2, 2004, the trial court signed
a final judgment in the District Lawsuit. 
Then, on September 16, 2004, Appellee filed a motion to clarify and
modify the trial court=s September 2, 2004 dismissal
order and a motion to sever the Chapter 37 claims from the Chapter 1205
claims.  On that same day, the trial
court signed an order stating that it had previously orally granted a severance
of the Chapter 37 claims from the Chapter 1205 claims and had subsequently
entered a final judgment on Appellant=s claims for declaratory relief pursuant to Chapter
1205.  The order further granted
Appellee=s motion to modify and clarify the
court=s August 31, 2004 order of
dismissal to explain that the August 31, 2004 order of dismissal applied only
to Appellant=s affirmative claims for relief
but did not adjudicate any claim by Appellee, including the claim for attorney=s fees under Texas Civil Practice
and Remedies Code section 37.009 and the suit for declaratory relief under
Chapter 1205.  The trial court clarified
that all claims filed pursuant to Chapter 37 were severed from the Chapter 1205
claims.  The order also recites that the
trial court=s September 2, 2004 judgment on
Appellant=s claims for declaratory relief
pursuant to Chapter 1205 finally disposed of all claims and parties in that
action and became appealable. 

After
the severance was granted, the district clerk assigned a new cause number to
the attorney=s fees claim.  Appellant filed a plea to the jurisdiction
in the new cause number, asserting that the attorney=s fees claim had been improperly
severed and as a result, the trial court lacked subject matter jurisdiction
over the attorney=s fees claim.  In its plea to the jurisdiction, Appellant
argued that the trial court improperly severed the Chapter 37 attorney=s fees claim because it is not a
separate cause of action that could have been asserted independently by
Appellee, separate and apart from the request for declaratory judgment under
Chapter 37, which had been nonsuited before the severance was granted. 








Appellee
contended in its response that Appellant=s argument misconstrued the effect of the severance order
and explained that the effect of the severance order was not to sever the claim
for attorney=s fees under Chapter 37 from the
request for declaratory judgment under Chapter 37. Appellee further explained
that the case involved two separate causes of action that were severed; the
trial court severed the Chapter 37 action from the Chapter 1205 action.  After considering the briefs and arguments
of the parties, the trial court entered an order denying Appellant=s plea to the jurisdiction.  As a result, Appellant filed this
interlocutory appeal challenging the propriety of the denial of its plea to the
jurisdiction.  See Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(8) (Vernon Supp.
2004-05) (allowing interlocutory appeal from an order that grants or denies a plea
to the jurisdiction by a governmental unit).

PLEA
TO THE JURISDICTION

Appellant
interprets the severance order as severing the Chapter 37 claim for attorney=s fees from the underlying request
for declaratory judgment under Chapter 37. 
Under this interpretation, Appellant contends that the trial court
lacked jurisdiction over the claim for attorney=s fees under Chapter 37 because the attorney=s fee claim is not a separate
cause of action that could have been brought independently by Appellee.  See Tex.
R. App. P. 41.  A trial court
properly exercises its discretion by severing claims when (1) the controversy
involves more than one cause of action, (2) the severed claim is one that could
be asserted independently in a separate lawsuit, and (3) the severed actions
are not so interwoven with the other claims that they involve the same facts
and issues.  Liberty Nat=l Fire Ins. Co. v. Akin, 927 S.W.2d 627, 629 (Tex. 1996).









Appellant
relies on Dalisa, Inc. v. Bradford, 81 S.W.3d 876, 880 (Tex. App.CAustin 2002, no pet.), to support
its position that a severance of a claim for declaratory relief under section
37.003 of the civil practice and remedies code from a claim for attorney=s fees under section 37.009 is
improper.  While we agree with the
reasoning in Dalisa that a severance of that nature is improper because
the two claims are merely different phases of a single cause of action, Dalisa
is not on point with the instant case. 
See 81 S.W.3d at 880.  The
severance order in the present case clearly severs all claims filed pursuant to
Chapter 37, including Appellee=s claim for attorney=s fees under section 37.009, from the Chapter 1205 claim for
declaratory relief.  Additionally, the
reporter=s record from the hearing on
Appellee=s motion for entry of judgment
reflects that the parties believed the severing of the Chapter 37 claim for
attorney=s fees from the Chapter 1205
action was proper. 








The
trial court did not lack jurisdiction over Appellee=s Chapter 37 claim for attorney=s fees.  See Tex.
R. Civ. P. 162.  Any dismissal of
Appellant=s Chapter 37 claims pursuant
Appellant=s request for nonsuit does not
prejudice the right of the adverse party to be heard on a pending claim for
affirmative relief and has no effect on a request for attorney=s fees pending at the time of
dismissal.  Id.  A request for attorney's fees made in
accordance with civil practice and remedies code section 37.009 is a claim for
affirmative relief authorizing a party to be heard under the provisions of rule
162.  Falls County v. Perkins and
Cullum, 798 S.W.2d 868, 871 (Tex. App.CFort Worth 1990, no writ).  Therefore, although Appellant=s claim for declaratory judgment under Chapter 37 was
nonsuited prior to the severance order, Appellee=s claim for attorney=s fees was not affected by the dismissal, and the
trial court did not lack jurisdiction to determine the Chapter 37 attorney=s fees claims.  We overrule Appellant=s sole point.

CONCLUSION

Having
overruled Appellant=s sole point, we affirm the trial
court=s judgment.

 

DIXON W.
HOLMAN

JUSTICE

 

PANEL A:  HOLMAN, GARDNER, and McCOY, JJ.

 

DELIVERED:  October 27, 2005











[1]The trial court never signed an
order consolidating the cases, but the clerk=s record reflects that the court treated the cases as
consolidated, and the parties proceeded as though the cases were
consolidated.  Additionally, the court
later entered an order severing the cases.





[2]Although the trial court never
signed an order requiring Appellant to post a bond, the parties do not dispute
and the reporter=s record reflects that the court
orally ordered Appellant to post bond.