# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-20-00058-CV

---

**Appellant, Christopher F. Bertucci, as Executor of The Estate of Anthony R. Bertucci, Deceased, and derivatively on behalf of American Affordable Homes & Properties, Inc.; American Affordable Homes, LP; Town Vista Development, LLC; Town Vista Terrace, Inc.; and MidCrowne Senior SLP, LLC // Cross-Appellant, Eugene L. Watkins, Jr.**

**v.**

**Appellee, Eugene L. Watkins, Jr. // Cross-Appellee, Christopher F. Bertucci, as Executor of The Estate of Anthony R. Bertucci, Deceased, and derivatively on behalf of American Affordable Homes & Properties, Inc.; American Affordable Homes, LP; Town Vista Development, LLC; Town Vista Terrace, Inc.; and MidCrowne Senior SLP, LLC**

---

### FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY
### NO. C-1-PB-17-000937, THE HONORABLE GUY S. HERMAN, JUDGE PRESIDING

---

## D I S S E N T I N G   O P I N I O N

I respectfully dissent.  In my opinion, the Texas Supreme Court's opinions in *In re Elizondo*, 544 S.W.3d 824 (Tex. 2018) (orig. proceeding), and *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001), control the jurisdictional question presented in this case.  In *Elizondo*, the supreme court reaffirmed that a clear and unequivocal order containing a finality phrase should be treated by appellate courts as final and appealable, even if the trial court has erroneously included finality language in an order that does not in fact properly dispose of all claims and parties.  *In re Elizondo*, 544 S.W.3d at 826-28 (explaining that appellate court does not review record to determine whether all parties and claims are actually disposed of by order when order

contains unambiguous finality language). The holding in *Elizondo* followed the court's earlier pronouncement in *Lehmann*:

> [I]f the language of the order is clear and unequivocal, it must be given effect despite any other indications that one or more parties did not intend for the judgment to be final. *An express adjudication of all parties and claims in a case is not interlocutory merely because the record does not afford a legal basis for the adjudication.*

39 S.W.3d at 206 (emphasis added); *see also Bella Palma, LLC v. Young*, 601 S.W.3d 799, 802 (Tex. 2020) (per curiam) ("Irrespective of its legal completeness or correctness, the . . . judgment was final and appealable because there was no question the trial court intended it to be so. If the final judgment is deficient, the remedy comes by appeal, not by the deprivation of appellate jurisdiction." (citation omitted)).

In *Lehmann*, the supreme court sought to clarify how appellate courts are to determine whether a trial court's order or judgment is final and appealable if it is rendered after something other than a conventional trial on the merits. 39 S.W.3d at 192. The court held:

> [I]n cases in which only one final and appealable judgment can be rendered, a judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, *or it states with unmistakable clarity that it is a final judgment as to all claims and all parties*.

*Id.* at 192-93 (emphasis added). The court provided guidance on the type of language that would "unequivocally express[]" an "intent to finally dispose of the case": "A statement like, 'This judgment finally disposes of all parties and all claims and is appealable,' would leave no doubt about the court's intention." *Id.* at 200, 206. The court further instructed that "[a]n order must be read in light of the importance of preserving a party's right to appeal." *Id.* at 206.

2

The court also noted that there are some instances—"such as orders that resolve certain discrete issues in some probate cases"—in which an order may also be final for purposes of appeal even if it does not dispose of all pending parties and claims. *Id.* at 195. The supreme court's opinion in *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995), established the test for finality in probate proceedings. The court held in *Crowson* that an order disposing of all issues and all parties "in the phase of the proceeding for which it was brought" is final and appealable even when the proceeding remains pending as to other issues. *Id.*

In this case, the probate court's order demonstrates the court's intention to render a final and appealable judgment in this phase of the proceeding on the Executor's claims brought on behalf of the Estate and derivatively on behalf of the Companies against Watkins, while transferring Watkins's claims against the Companies back to the district court from which they had originated. The probate court included language in the order explaining its disposition of the discrete set of issues between Watkins and the Executor over which it had jurisdiction. The order contained the following clear and unequivocal finality language disposing of that set of issues:

> [A]ll prior orders granting Watkins relief or denying the Executor's relief . . . are now considered final and appealable. This Order therefore disposes of all issues retained by this Court as between the parties, and is a judgment as to the Executor's claims.

In my opinion, this language satisfies the standard for clear and unequivocal finality language set forth in *Lehmann*:

> But the language of an order or judgment *can* make it final, even though it should have been interlocutory, if that language expressly disposes of all claims and all parties. It is not enough, of course, that the order or judgment merely use the word "final". The intent to finally dispose of the case must be unequivocally expressed in the words of the order itself. But if that intent is clear from the order, then the

3

> order is final and appealable, even though the record does not provide an adequate basis for rendition of judgment. . . . A judgment that grants more relief than a party is entitled to is subject to reversal, but it is not, for that reason alone, interlocutory.

*Id.* at 200; *see also Bella Palma*, 601 S.W.3d at 801 ("Although no 'magic language' is required, a trial court may express its intent to render a final judgment by describing its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable."). Admittedly, the court in *Lehmann* was considering only cases in which one final and appealable judgment can be rendered rather than cases, like probate cases, in which multiple judgments that are final for purposes of appeal can be rendered on certain discrete issues. *See* 39 S.W.3d at 192. However, neither the court in *Lehmann* nor the court in *Elizondo* indicates that the guiding principle at issue here—that clear and unequivocal finality language renders an order final and appealable even if the order is potentially erroneous because it does not properly dispose of all claims and parties—should not apply to orders issued by probate courts. Likewise, nothing in *Lehmann* or *Elizondo* indicates that this principle should not apply if the order erroneously severs some claims. Indeed, if this were not a probate-court order rendering a final judgment on the claims decided by the probate court but severing and transferring other claims, and if it were instead merely an ordinary trial court's order that erroneously severed a claim but contained unequivocal finality language as to the severed claim, then in my opinion, *Elizondo* and *Lehmann*, as well as older Texas Supreme Court authorities, would require us to treat the order as final and appealable despite its erroneous severance of a claim. *See Schieffer v. Patterson,* 433 S.W.2d 418, 419 (Tex. 1968) (per curiam) (reversing and remanding court of appeals' dismissal of appeal for want of jurisdiction based on erroneous severance order because dismissal conflicted with supreme court's holding in *Pierce v. Reynolds*, 329 S.W.2d 76, 78-79 & n.1 (1959)). In *Pierce*, the supreme court determined that

the trial court's severance order, which was erroneous because it improperly split a single cause of action into two parts, did not deprive the court of jurisdiction to consider the merits of the appeal of the severed part of the case. 329 S.W.2d at 78-79 & n.1 ("[W]e do not think the appealability of a judgment should be made to turn upon whether the action is severable," and "[w]e do not think a judgment *which possesses all of the attributes of finality* can be regarded as interlocutory merely because the court may have erred in ordering a severance which it had the power to grant." (emphasis added)).

Here, the parties and the probate court followed the supreme court's instruction in *Crowson* to use a severance order to eliminate ambiguity about whether the order was intended to be final and appealable as to the claims retained and decided by the probate court. *See Crowson*, 897 S.W.2d at 783 (explaining that interlocutory probate order, i.e., one not disposing of all parties and issues in that phase of probate proceeding, may be made final for appellate purposes by severance order "if it meets the severance criteria" and that "[l]itigants can and should seek a severance order either with the judgment disposing of one party or group of parties, or seek severance as quickly as practicable after the judgment"); *cf. In re Guardianship of Jones*, 629 S.W.3d 921, 925 (Tex. 2021) ("[U]nder both [the *Lehmann* and *Crowson*] standards an order that actually disposes of all issues and parties at the relevant stage of the proceedings is final."). The probate court expressed its intent to render a final and appealable judgment over the Executor's claims against Watkins in this phase of the proceedings when it stated that "all prior orders granting Watkins relief or denying the Executor's relief . . . are now considered final and appealable" and that its order "therefore disposes of all issues retained by this Court as between the parties, and is a judgment as to the Executor's claims." The probate court then disposed of the other claims that it did not retain by severance and transfer. The order severs Watkins's claims

against the Companies and transfers them back to the district court, and it also disposes of the only other pending claim between the parties—Watkins's claim for attorneys' fees incurred in defending against the Executor's dismissed Texas Theft Liability Act claim—by severance and transfer.

The parties agree that Watkins's attorneys' fee claim, which this Court concludes was improperly severed and transferred, should be remanded to the probate court. Under the circumstances present here, I would conclude that the probate court's severance of Watkins's attorneys' fees claim does not defeat our jurisdiction over the appeal from the probate court's order disposing of the Executor's claims against Watkins. In my opinion, the directive in *Lehmann* and *Elizondo* that clear and unequivocal finality language makes an order final and appealable is more applicable than *Crowson*'s comment that a severance order that "meets the severance criteria" may make an interlocutory probate order final and appealable. In other words, I read *Lehmann* and *Elizondo* to mean that a probate court's order that contains clear and unequivocal finality language as to the claims decided by the court in a particular phase of the proceedings is final and appealable, even if analysis of the record demonstrates that the severance was improper. *See Lehmann*, 39 S.W.3d at 206 ("An express adjudication of all parties and claims in a case is not interlocutory merely because the record does not afford a legal basis for the adjudication.").

Although the supreme court in *State v. Morello*, 547 S.W.3d 881 (Tex. 2018), implies that an improper severance might render an otherwise final judgment interlocutory and thus not appealable, the court did not actually reach that conclusion because it concluded that the severance at issue in that case was proper. *See id.* at 888-89 (treating objection to severance as challenge to subject-matter jurisdiction that could not be waived but concluding that severance was proper because severed claims were not so interwoven with non-severed claims for severance

6

to constitute abuse of discretion).  Moreover, it does not appear from either *Morello* or this Court's opinion in *Dalisa v. Bradford*, 81 S.W.3d 876 (Tex. App.—Austin 2002, no pet.), that the severance orders in those cases contained the kind of clear and unequivocal finality language that would have required treating the orders as final and appealable but potentially erroneous.  *See Morello*, 547 S.W.3d at 883-84; *Dalisa*, 81 S.W.3d at 879, 882 (explaining that immediately after trial court signed "Final Judgment" awarding Bradford declaratory relief under the Uniform Declaratory Judgments Act, it severed Bradford's UDJA claim from his claim for attorneys' fees under Act and from Dalisa's counterclaims but not indicating finality language was present in severance order).  In *Morello*, the severance order to which Morello objected had severed out the State's claims against a co-defendant company a year before the State sought summary judgment against Morello, and the company had already appealed from the summary judgment rendered against it.  547 S.W.3d at 883-84.  The court did not explain whether the original severance order contained finality language.  In other words, it appears that in the absence of clear and unequivocal finality language, those courts appropriately reviewed the record to determine whether the severance order properly disposed of all claims and parties.  *See In re Elizondo*, 544 S.W.3d at 827 ("The court of appeals was correct that *Lehmann* instructs reviewing courts to look at the record 'only if the order [i]s not clear and unequivocal.'" (quoting *In re M & O Homebuilders, Inc.,* 516 S.W. 3d 101, 106 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding)).

However, to the extent that an irreconcilable conflict may exist between *Morello* and the holdings in *Elizondo* and *Lehmann*, under the circumstances present here, because we should be "mindful of our policy to avoid constructions that defeat bona fide attempts to appeal," *Crowson*, 897 S.W.2d at 783, I would follow *Elizondo* and *Lehmann* and their progeny, and I

would allow this appeal to proceed and would reach the merits.[1]  Because I would conclude that the trial court's order was final and appealable as to the Executor's claims against Watkins, even if the order erroneously severed Watkins's claim for attorneys' fees and transferred it to the district court, I would not dismiss the appeal for want of jurisdiction.  Accordingly, I dissent.

 

 

Gisela D. Triana, Justice

Before Justices Goodwin, Triana, Smith

Filed:   January 28, 2022

---

[1]  The supreme court has instructed that we should try to "ensure that the right to appeal is not lost by an overly technical application of the law," and "[f]undamentally, this principle should guide in determining whether an order is final." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). Moreover, "[s]implicity and certainty in appellate procedure are nowhere more important than in determining the time for perfecting appeal," which is controlled by our determination of when an order is final and appealable. *Id.*