# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00578-CV

**One Vision JHS, LLC, Appellant**

**v.**

**Thirty-Three Eleven Investments, Inc. d/b/a Gruene River Hotel & Retreat, Appellee**

### FROM THE 274TH DISTRICT COURT OF COMAL COUNTY,
NO. C2024-1381E, THE HONORABLE STEPHANIE BASCON, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant One Vision JHS, LLC has filed a notice of appeal from the trial court's August 26, 2024 final judgment, which rendered declaratory judgments interpreting an easement agreement. The final judgment states that it "disposes of all parties and all issues in this cause and is final for all purposes." The trial court signed the final judgment after signing an order on the parties' agreed motion to sever and abate. In that order, the trial court severed both parties' claims for declaratory judgment, except that it reserved for trial "all claims for attorney's fees under Tex. Civ. Prac. & Rem. Code § 37.009."

Under this Court's prior precedent, the severance of the parties' claims for declaratory relief from their claims for attorneys' fees is an abuse of discretion and reversible error, requiring us to reverse and remand. *See, e.g.*, *Bertucci v. Watkins*, --- S.W.3d ---No. 03-20-00058-CV,

2022 WL 3328986, at *2 (Tex. App.—Austin Aug. 12, 2022) (en banc), *disp. on merits*, 690 S.W.3d 341 (Tex. App.—Austin 2022, pet. granted) (addressing proper disposition of trial court's order that improperly severed attorneys' fee claim); *Dalisa, Inc. v. Bradford*, 81 S.W.3d 876, 879-81 (Tex. App.—Austin 2002, no pet.) (holding that trial court abused its discretion by severing claim for declaratory relief from claim for attorneys' fees under Section 37.009, rejecting argument that claims for declaratory relief and attorneys' fees can be determined in "independent lawsuits culminating in separate and distinct judgments, and concluding "the two claims are instead merely different phases of a single cause of action"), *overruled on other grounds by Bertucci*, 2022 WL 3328986, at *3.

Following *Bertucci*, because we have determined that the trial court's erroneous action constitutes remediable error, we "must direct the trial court to correct the error" and "then proceed as if the erroneous action or failure to act had not occurred." *See id.* at *4 (citing Tex. R. App. P. 44.4(a),(b). Under Rule 27.2, we "may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record." *Id.* (quoting Tex. R. App. P. 27.2).

In addition, we note that the Texas Supreme Court has advised that "[i]n cases where severance would be procedurally improper, courts should encourage parties to use the permissive appeal option provided by the Legislature." *Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am., L.L.C.*, 685 S.W.3d 816, 824 (Tex. 2024); *see* Tex. Civ. Prac. & Rem. Code § 51.014(d).

Accordingly, we abate the appeal for thirty days. The parties are directed to file a status report, a motion to reinstate, or a motion to dismiss this appeal on or before thirty days from the date of this order. The parties may file a motion requesting more time if needed to obtain a

modified order or judgment.  If a modified order or judgment including resolution of the attorney's fees issue is filed in a supplemental clerk's record, upon a motion for reinstatement, the case will be reinstated for briefing and consideration of the merits.  If no such order or judgment is filed, we will reverse and remand the case to the trial court.

It is so ordered on November 21, 2024.


Before Chief Justice Byrne, Justices Triana and Kelly

Abated and Remanded

Filed:   November 21, 2024