**Tomas T. GONZALES, Appellant,**

v.

**Cecilia Irene DIAZ, Appellee.**

**No. 5921.**

Court of Civil Appeals of Texas.

El Paso.

Jan. 17, 1968.

Rehearing Denied Feb. 7, 1968.

Ronald R. Calhoun, El Paso, for appellant.

Kemp, Smit, White, Duncan & Hammond and William Duncan, El Paso, for appellee.

## OPINION

PRESLAR, Justice.

This is an appeal from the failure of the trial court to grant the plaintiff's motion for new trial based on newly discovered evidence. Failure to grant a new trial for such reason is the sole point of error. We affirm.

Appellant, as plaintiff, brought this suit alleging that defendant struck his car from the rear as it was just beginning to move forward after double-parking to allow a companion to disembark. The incident was alleged to have happened at 2:30 A.M. on a street slick from rain, and the disputed issue of whether there was any colliding of the two cars was answered by the jury adversely to appellant, as were the other material issues. The newly discovered evidence alleged is an opinion by the photographer employed by the defendant-appellee to make photographs of both vehicles, that it appeared to him that the damage to the bumper of appellee's Chevrolet automobile was recent damage.

The issue submitted to the jury, and pertinent here, was:

"From a preponderance of the evidence, do you find that the Chevrolet driven by the Defendant, CECILIA IRENE DIAZ, collided with the Volkswagon driven by the Plaintiff, TOMAS F. GONZALES, on the occasion in question?"

The jury answered "No", after viewing some five or six photographs of each car, hearing testimony of the plaintiff and defendant and a companion of the plaintiff, the only eye witnesses to the incident; and after hearing testimony of defendant, her sister, and her father that there was no change in the condition of the automo-

bile (owned by defendant's father) following the occurrence, and the testimony of the investigating officer, who viewed both vehicles at night shortly after the incident, that the damage to the Volkswagon appeared to him to be "fresh" and that he was unable to make any decision about whether there was any damage to the Chevrolet. This is a summary of the evidence given in considerable detail on the subject by each of the witnesses, except that of the photographer which, in its entirety, by affidavit, is that it appeared to him that the damage to the bumper of the Chevrolet was recent damage, and that he formed an opinion that the vehicles had collided. He viewed the vehicles about a week after the incident.

The applicable rule of law for a new trial based on the grounds of newly discovered evidence is correctly stated in 41 Tex.Jur.2d 253, New Trial, Section 105:

"Evidence discovered subsequent to trial is a proper ground of a motion for new trial in both civil and criminal cases. To justify the grant of a new trial it generally must be shown that the evidence was unknown to the movant before the trail, that his failure to discover it was not due to his want of diligence, that its materiality was such as would probably bring about a different result on another trial, and, generally, that it was competent, and not merely cumulative, corroborative, collateral, or impeaching."

The granting or refusal of a new trial for newly discovered evidence is a matter within the trial court's discretion. Vance v. Obadal, Tex.Civ.App., 256 S.W.2d 139 (E.R. El Paso, 1953). And unless such discretion is abused, the appellate court will not revise such act. McCardell v. Hartford Accident & Indemnity Co., Tex.Civ.App., 360 S.W.2d 831, 832, affirmed 369 S.W.2d 331. We are of the opinion that the trial court did not abuse his discretion in the case before us, for the reasons that it is questionable whether the new evidence is merely cumulative, and whether, if believed, it would bring about a different verdict. Fail-

ure of the movant to firmly establish those two principles of the announced rule of law leaves the trial court's action as not amounting to an abuse of discretion.

The ultimate fact to be determined was whether or not the vehicles collided. Bearing on that issue is the testimony of the eye witnesses. Also bearing on the issue is physical damage to the vehicles which could be determined by visual observation. A subordinate fact to any physical damage visualized would be whether it resulted from this collision. There was evidence that the Chevrolet car of appellee had damage, but that it was there prior to the time of this incident. There was also evidence that the investigating officer was unable to determine on the night of the incident if there was any such damage. There was evidence that the appellant himself had viewed the Chevrolet, but no evidence of what he saw in the way of damage. The new evidence offered is an opinion by one who could be presumed to be an expert, that a week after the incident the Chevrolet damage appeared to be recent. We think the new evidence is "of the evidence" presented, and not new evidence of a conclusive tendency, or that it brought to light a new and independent truth, or that it is of a nature to be material and decisive of the matter in controversy. Although the new evidence is presumed to be from an expert, it falls, nevertheless, into the category of some more of the same so far as it bears on the matter in controversy, and is questionably cumulative and impeaching to the extent that abuse of discretion is not presented.

As to the new evidence being so material that if believed it would probably bring about a different result on another trial, we adopt as our view of it the language of Justice Steakley in New Amsterdam Casualty Company v. Jordan, 359 S.W.2d 864 (Tex.1962), (a case very much in point), at page 867:

"* * * Moreover, the evidence does not, in our opinion, partake of a con-

clusiveness and decisiveness upon the merits of the case to the extent of showing that justice has not been attained and that, as a matter of law, the trial court abused its discretion in denying the motion."

The appellant's point of error is overruled and the judgment of the trial court is affirmed.