Dave L. **REANEY**, Appellant,

v.

Maxine **REANEY**, Appellee.

No. 18252.

Court of Civil Appeals of Texas, Dallas.

Jan. 17, 1974.

E. B. Forbes, Dallas, for appellant.

Edwin L. Davis, Davis & Davis, Inc., Dallas, for appellee.

BATEMAN, Justice.

In this divorce case the appellant Dave L. Reaney appeals only from those portions of the decree which divided the community property and awarded the appellee Maxine Reaney an attorney's fee of $4,500.

Under his first point of error appellant complains of the judgment, insofar as it divides the community property, as being contrary to the provision of § 3.63 of The Texas Family Code (1973), V.T.C.A. that ". . . the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." In addition to the community and separate property distributed to appellee by the decree, she was given a personal judgment against appellant for $9,062.87. At the request of appellant the court filed findings of fact and conclusions of law, and appellant's first point of error challenges the justness and fairness of the following finding of fact and conclusion of law:

At the time of trial, Respondent either still had the approximate sum of $53,000.00 in stock, securities and cash in some form in his possession or under his control, or, in the alternative, Respondent squandered and/or dissipated same between mid-January, 1972 and July 7, 1972 in fraud of or in derogation of Petitioner's marital property rights.

Because of Respondent's acts in fraud of Petitioner's marital property rights in either not producing the approximately

$53,000.00 in stock, securities and cash or in squadering that sum between mid-January, 1972 and July 7, 1972, upon a just and right division of the property with due regard for the rights of the parties, Petitioner is entitled to the property as divided and to a money judgment against Respondent in the sum of $9,062.87.

Appellee testified that she first sued appellant for divorce in June 1971, but that he talked her into dismissing the case; and that in January 1972 he went to Puerto Rico. The evidence is undisputed that when he went to Puerto Rico appellant had in his possession certain certificates of stock and cash and that he converted the securities into cash which, added to the cash he already had, totaled approximately $53,000. He testified that he squandered this money, lost it and "very imprudently went through" it; that he lost some of it gambling and that he gave some of it away; that he "spent it very foolishly," and that at the time of trial he did not have any of it. He said he could not remember how much of the money he gave away nor to whom he gave it, nor how much of the money he lost in gambling.

This case is quite similar to Pride v. Pride, 318 S.W.2d 715, 718 (Tex.Civ. App.—Dallas 1958, no writ), where the husband testified that he had placed $3,000 of community money in a hole in the floor of his apartment, but was vague in his testimony and failed to account for the money. We held that a finding of fraud was not necessary, for regardless of fraud the statute gives the court broad discretion to order a division that the court shall deem just and right, and that it was not improper for the court to render a money judgment against the husband for the wife's share of the money so concealed. To the same effect see also Swisher v. Swisher, 190 S.W.2d 382 (Tex.Civ.App.—Galveston 1945, no writ).

As we held in Givens v. Girard Life Ins. Co. of America, 480 S.W.2d 421, 425 (Tex.Civ.App.—Dallas 1972, writ ref'd n. r. e.), excessive or capricious gifts of community property by the manager thereof are presumptively fraudulent, the wife being under no burden of establishing fraudulent intent in order to protect her interest in the community property from abuse of her husband's managerial powers. Accordingly, we hold in this case that appellant's admitted dissipation of approximately $53,000 of community assets was presumptively fraudulent. Hartman v. Crain, 398 S.W.2d 387, 391 (Tex.Civ.App.— Houston 1966, no writ). Appellant has utterly failed to make any showing that the loss and dissipation of these community funds was not an abuse of his managerial powers. The burden was on him to do so; the burden was not carried.

We also hold that in the light of the undisputed facts in this case the trial court could not make a fair and just division of the remaining community assets without taking into account appellant's profligate loss of a large portion of the community estate.

Appellant also urges reversal on the ground that his wife knew of his dissipation of these assets prior to the filing of divorce and could have sued him for protection of her rights without suing for divorce. The existence of such a remedy would not preclude her from seeking the same relief in a divorce action. It was shown without dispute that appellant suggested to appellee that she sue for divorce, and he does not appeal from that portion of the decree granting the divorce.

Appellant's first point of error is overruled.

By his second point of error appellant complains of the amount of the attorney's fee awarded appellee. He argues that it was error for the court to award such a large fee without awarding him sufficient property with which to pay the fee. The

trial court found, upon ample and competent testimony, that appellee had prosecuted her cause of action in good faith and with probable cause, that her attorney had spent 119½ hours up to the time of the last day of trial in connection with the prosecution of the case, that the court took judicial knowledge of the contents of the State Bar Minimum Fee Schedule, and that a fair and reasonable fee for her attorney, to be taxed against appellant, was $4,500.

As held in Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002, 1005 (1950), the court is not required by the statute to divide the community estate equally between the parties, and the fact that the awarding of the fee against the husband may be to award him less of the community estate than that awarded to the wife does not alone condemn the award. The fee "is but a factor to be considered by the court in making an equitable division of the estate, considering the conditions and needs of the parties and all of the surrounding circumstances." Swenson v. Swenson, 466 S.W.2d 424, 428 (Tex.Civ. App.—Houston [1st Dist.] 1971, no writ), and Braswell v. Braswell, 476 S.W.2d 444, 446 (Tex.Civ.App.—Waco 1972, writ dism'd).

The trial court is given "the widest discretion in fixing the attorney's fee in such cases," and the judgment will not be reversed except upon a clear showing of abuse of that discretion. Moreover, the evidence must be viewed in the light most favorable to the prevailing party. Chapman v. Chapman, 172 S.W.2d 127, 129 (Tex.Civ.App.—Fort Worth 1943, writ dism'd).

We hold that the evidence is sufficient to support the trial court's finding and judgment in this respect and overrule the second point of error.

Affirmed.