Johnsie Jo POSEY, Appellant,

v.

Liston R. POSEY, Appellee.

No. 5803.

Court of Civil Appeals of Texas, Waco.

Jan. 26, 1978.

Rehearing Denied Feb. 23, 1978.

L. L. Geren, Bradley & Geren, Groesbeck, for appellant.

Bobby Reed, Cannon, Cannon & Reed, Groesbeck, for appellee.

## OPINION

JAMES, Justice.

This is a divorce case. Petitioner-Appellee Liston R. Posey, age 63, sued his wife Respondent-Appellant Johnsie Jo Posey, age 52, for divorce and division of property. The parties had four children, all over 18 years of age. The parties had been separated about five years at the time the suit was filed, Mrs. Posey having gone in 1971 to the State of Louisiana to teach school, where she has since resided. After hearing, the trial court granted a divorce to the parties and made the following division of "the community and separate property of the parties":

I.  To Petitioner-Appellee Liston R. Posey:

1.  Five lots upon which a residence house was situated, located in Mexia, Texas, subject to an equitable lien to be impressed thereupon as security for his note to Mrs. Posey should he elect to forego payment of the $5000.00 in cash as set out in the award to her.

2.  Any commemorative coins in his possession.

3.  A 1966 Plymouth car, a 1966 Chevrolet pickup and a 1963 Plymouth car (the last-named car would not run).

4.  All the funds on deposits in back accounts standing in his name and all funds on deposit to his account in the U. S. Postal Service Retirement Plan as well as any future benefits he may have accrued to him.

5.  The U. S. Marine Corps Retirement Benefits growing out of his 21 years service in the Marine Corps, subject to $5000.00 to be paid by Mr. Posey to Mrs. Posey.

II.  To Respondent-Appellant Johnsie Jo Posey:

1.  All funds on deposit in her Louisiana Teachers Retirement and any future benefits to be derived therefrom.

2.  The residence home located in Baton Rouge, Louisiana, together with all the furniture and furnishings therein, with her assuming the indebtedness on same.

3.  All the "netsukes" (oriental ivory carved objects) in her possession except one, which was awarded to Mr. Posey.

4.  A 1971 Chrysler car in her possession, with her assuming the indebtedness on same.

5.  Any cash on deposit in her name.

6.  $5000.00 to be paid by Mr. Posey to Mrs. Posey in lieu of her interest in the U. S. Marine Corps Retirement hereinabove referred to.  Mr. Posey was given the option to pay this to her in cash within 30 days or make her a $5000.00 note bearing interest at 7% per annum payable in monthly installments of $125.00 each of principal including interest, such note to be secured by an equitable lien to be impressed upon the Mexia lots and house awarded to him as hereinabove pointed out.

7.  75 acres of land located near Doyle in Limestone County, which Mrs. Posey inherited through her people.

From this judgment Mrs. Posey appeals upon 18 points of error which may be grouped for convenience and discussion under three categories, to wit:

(1) The trial court erred in finding that Petitioner Mr. Posey resided in Limestone County for 90 days prior to the filing of his suit for divorce, because there is no evidence (legal insufficiency) and insufficient evidence (factual insufficiency) to support such finding.

(2) The trial court abused its discretion in making a property division between the parties.

(3) The trial court erred in refusing to admit the testimony offered by Appellant (except upon a bill of exception) on the motion for new trial concerning Petitioner-Appellee's residence during the 90 days immediately preceding Petitioner's filing of this suit.

We overrule all of Appellant's points and contentions and affirm the trial court's judgment.

We revert to Appellant's first and third group of points, to wit, to the effect that the trial court erred in finding that Petitioner-Appellee was a bona fide resident of Limestone County for 90 days immediately preceding the filing of this suit by Petitioner-Appellee Mr. Posey.

Mr. Posey filed this suit on April 6, 1976; therefore, the 90 days in issue concerning his residence was from January 6, 1976 to April 6, 1976.  He pleaded that he had been a resident of Limestone County for the 90 days preceding the filing of his petition.  Then at the divorce trial he testified that he had resided at 509 North McKinney Street in Mexia, Limestone County, since 1961; that he had been a resident there for the 90 days preceding the filing of the suit; that Mexia was his permanent place of resi-

dence; that he had a phone listed in the Mexia directory; that he got his mail at a Mexia address; and did his banking in Mexia. He further testified that he had been temporarily staying with his mother in Navarro County because of her eye trouble, but that he considered Mexia as his permanent residence.

At the divorce trial Appellant Mrs. Posey never at any time presented any evidence contrary to the testimony above-recited by Appellee, nor did she in any manner deny Mr. Posey's testimony concerning his residence in Limestone County.

On the motion for new trial Appellant Mrs. Posey offered witnesses from the utility companies to the effect that only the minimum gas, electricity, and water were used in the Mexia home place for at least the 90 days before the filing of suit. Also Appellant sought to offer other witnesses in an attempt to show that Mr. Posey had been spending his nights with his mother in Navarro County during the 90 days in controversy. The trial court refused to admit this proffered testimony, but permitted Appellant to offer it upon a bill of exception.

■ In our opinion the trial court did not err in excluding this evidence proffered by Appellant on the hearing on the motion for new trial. In the first place, a temporary absence from the county of a plaintiff who is an inhabitant of the State during the 90 days next preceding the filing of his petition for divorce does not affect his right to maintain his suit for divorce. See *Haymond v. Haymond* (1889), 74 Tex. 414, 12 S.W. 90; *Bomar v. Bomar* (Dallas Tex.Civ. App.1950), 229 S.W.2d 859, no writ; *Stacy v. Stacy* (Waco Tex.Civ.App.1972), 480 S.W.2d 479, 482, no writ; *Meyer v. Meyer* (Austin Tex.Civ.App.1962), 361 S.W.2d 935, writ dismissed; 20 Tex.Jur.2d "Divorce and Separation," par. 67, pp. 411, 412.

Secondly, the evidence proffered by Appellant in the hearing on the motion for new trial constituted newly discovered evidence. The applicable rule of law for a new trial to be based on the grounds of newly discovered evidence is set out in 41 Tex. Jur.2d, "New Trial," Sec. 105, p. 253:

■ "Evidence discovered subsequent to trial is a proper ground of a motion for new trial in both civil and criminal cases. To justify the grant of a new trial it generally must be shown that the evidence was unknown to the movant before the trial, that his failure to discover it was not due to his want of diligence, that its materiality was such as would probably bring about a different result on another trial, and, generally, that it was competent, and not merely cumulative, corroborative, collateral, or impeaching.

■ "Motions for new trial on the ground of newly discovered evidence are not favored by the courts, and are received with careful scrutiny."

Also, see *Dillingham v. Lynch* (Austin Tex.Civ.App.1974), 516 S.W.2d 694, 701, NRE; *Gonzales v. Diaz* (El Paso Tex.Civ. App.1968), 424 S.W.2d 314, 315, no writ.

■ In the hearing on the motion for new trial, Appellant Mrs. Posey admitted that the proffered newly-discovered evidence was either known by her or available to her at the time of the divorce trial. We have carefully examined this proffered evidence, and without detailing same, suffice it to say that it is merely cumulative of the evidence presented at the divorce trial, and largely corroborates and strengthens such evidence.

■ With reference to the trial court's division of the property, Appellant asserts the trial court abused its discretion. Among other things Appellant particularly claims that the home place in Baton Rouge, Louisiana, and her Louisiana Teachers Retirement Fund awarded to her were her separate property under Louisiana law, and she presented Louisiana authorities to support this contention.

We do not express any opinion upon the question of whether this home place and retirement fund have a separate or community property status, because in either event we are of the opinion that the trial court did not abuse its discretion in the property division made. Without detailing the val-

ues of the respective items of property awarded to each party, such division appears to have worked substantial justice to the parties, in view of the fact that each party was earning close to the same amount of money, in view of the age and health of the parties, and all other surrounding circumstances shown by the evidence.

■ It is well settled that the trial court has broad discretion in determining the disposition of property in divorce actions, and this discretion will not be disturbed unless an abuse of discretion is shown. That is to say, the trial court's action should be disturbed on appeal only when an abuse of discretion is shown in that the division made is manifestly unjust and unfair. Section 3.63, Texas Family Code; *Hedtke v. Hedtke* (1923), 112 Tex. 404, 248 S.W. 21, which holds that the trial court's discretion applies to dividing property which is separate as well as community property; *Carle v. Carle* (1950), 149 Tex. 469, 234 S.W.2d 1002; *Bell v. Bell* (Tex.1974), 513 S.W.2d 20; *McKnight v. McKnight* (Tex.1976), 543 S.W.2d 863. Also see *Fortenberry v. Fortenberry* (Waco Tex.Civ.App.1976), 545 S.W.2d 40, 42, no writ, and *Smallwood v. Smallwood* (Waco Tex.Civ.App.1977), 548 S.W.2d 796, 797, no writ.

■ There is no requirement under the above-stated rules that the trial court divide the property equally between the parties, *Hedtke*, supra; on the contrary, the trial court is required to view the case in its entirety in making a division that is just and right between the parties.

We have carefully considered all of Appellant's points and contentions, and overrule same.

Judgment of the trial court is accordingly affirmed.

AFFIRMED.