Delia LEAL, Appellant and Cross-Appellee,

v.

Hector LEAL, Appellee and Cross-Appellant.

No. 16688.

Court of Appeals of Texas, San Antonio.

Jan. 27, 1982.

Delia Leal, pro se.

J. G. Hornberger, Laredo, for appellee and cross-appellant.

Before KLINGEMAN, CLARK, and BASKIN, JJ.

## OPINION

KLINGEMAN, Justice.

Delia Leal, the Petitioner in a divorce suit, appeals only from that portion of the divorce action making a partition of the community property. In a non-jury trial the court granted the divorce and divided the property between the parties and also awarded attorney's fees to Petitioner in the sum of $3,000.00.

Petitioner's single point of error is that the trial court abused its discretion when dividing the community estate by failing to consider monies spent by Respondent [appellee], Hector Leal, during the pendency of the divorce. Appellee by cross-point asserts that there is no evidence to support the trial court's award of attorney's fees to Petitioner in the sum of $3,000.00.

■ We first consider appellant's point of error that the trial court abused its discretion in making the division of the community estate of the parties. It is well settled that Texas courts are given wide discretion in making division of the proper-ty of the parties and that such division will not be disturbed on appeal unless the court has clearly abused its discretion. *Bell v. Bell*, 513 S.W.2d 20, 22 (Tex.1974); *Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W. 21 (1923). Section 3.63 of the Texas Family Code provides that in a decree of divorce the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage. Tex.Fam.Code Ann. § 3.63 (Vernon 1975). The provisions of section 3.63 do not require that the property division be equal, and appellate courts have held that it must be presumed that the trial court exercised its discretion properly and that a case should be reversed only where there is a clear abuse of that discretion. *In re McCurdy*, 489 S.W.2d 712 (Tex.Civ.App.—Amarillo 1973, writ dism'd); *Hensley v. Hensley*, 496 S.W.2d 929 (Tex.Civ.App.—El Paso, 1973, no writ).

■ Appellant's basic complaint as to the property division is that the court abused its discretion when making such property division in failing to consider monies spent by the Respondent during the pendency of the divorce. Appellant relies heavily on *Reaney v. Reaney*, 505 S.W.2d 338 (Tex.Civ.App.—Dallas 1974, no writ), where the court held that a fair and just division of community property could not be made without taking into account the admitted dissipation of community assets, and *Posey v. Posey*, 561 S.W.2d 602 (Tex.Civ.App.—Waco 1978, no writ), where the court held that the trial court must view the case in its entirety in making a division that is just and right between the parties.

These cases differ materially from the case before us. For instance, in *Reaney* the husband [appellant] admitted that he squandered the money, gave some of it away, spent it very foolishly, lost it on gambling, and at the time of the trial he did not have any of it. In *Posey* the appellant testified that he put $2,000.00 of the community funds in a hole in the apartment the date the suit was filed; thereafter he put

another $1,000.00 into a hole; and further put $1,000.00 in his pockets. He also admitted that on the date the suit was filed he withdrew $2,000.00 of community funds from the Lakewood State Bank.

The testimony here is entirely different. Appellant testified that the husband had a girlfriend upon whom he spent community funds and that he generally dissipated some of the community funds during the period of time the divorce was filed until the divorce was granted. However, she was unable to produce any definite proof of amounts spent or any evidence as to how much of the community estate, if any, was dissipated. The husband generally denied her testimony and testified that the money he spent was for living and business expenses. At the most we have conflicting testimony. In the cases relied on by appellant the husbands admitted either dissipation of or fraudulent concealment of community property.

Moreover, at a "hearing on court's ruling on the division of community property," appellant requested the court to make some sort of ruling for the husband to pay her back some of the money he had spent. In response the court stated that it had made a fair decision. The inference is, at least, that the court had taken into consideration any dissipation of community property, if it found any, in making the property division. In other words, if the trial court found that appellee spent community funds for other than living or business expenses, such was taken into account when the court exercised its discretion in dividing the community estate. It is also to be noted that in the *Reaney* and *Posey* cases the Courts of Civil Appeals affirmed the trial court's judgment, finding that the trial court had made a fair and just division of the property. The Courts of Civil Appeals thus found no abuse of discretion. Appellant here is trying to prove an abuse of discretion; therefore, her burden is entirely different.

Applying the applicable rules set forth in *Bell v. Bell, supra,* and other cases we have cited, we find no abuse of discretion by the trial court. Appellant's point of error is overruled.

■ Appellee's cross-point of error complains of the award of attorney's fees to appellant in the sum of $3,000.00. Clearly under the evidence appellant is entitled to an award of attorney's fees in some amount. The real problem is that there is no proof of the reasonableness of attorney's fees. The reasonableness of attorney's fees is a question of fact to be determined and must be supported by competent evidence and may be submitted to a jury. *Great American Reserve Insurance Co. v. Britton,* 406 S.W.2d 901 (Tex.1966); *Trevino v. American National Insurance Co.,* 140 Tex. 500, 168 S.W.2d 656, 660 (1943); *Johnson v. Universal Life & Accident Insurance Co.,* 127 Tex. 435, 94 S.W.2d 1145 (1936). The trier of the facts in our case was the trial judge. There are holdings in some Courts of Civil Appeals' decisions that the reasonableness of attorney's fees is not a jury question, but is a matter entrusted to the trial judge's discretion and that the trial judge may adjudicate reasonableness of judicial knowledge and *without the benefit of evidence.*[1] These holdings were expressly disapproved in *Great American Reserve Insurance Co. v. Britton, supra.*

■ We have carefully examined the entire record as to the evidence pertaining to attorney's fees. Mrs. Leal testified that it was necessary to hire an attorney and that she did so. She testified, under examination by her attorney, that the charge for attorney's fees involved would be $450.00 for the first 8 hours of work and that if the case was prolonged it would be $60.00 per hour. Mrs. Leal stated that she had no idea as to how many hours the attorney had spent on the divorce. The matter of attorney's fees was then dropped, and later her attorney asked that if he told her that he

1. *American Income Life Ins. Co. v. Davis,* 334 S.W.2d 486 (Tex.Civ.App.—Amarillo 1960, no writ); *Franklin Life Ins. Co. v. Woodyard,* 206 S.W.2d 93 (Tex.Civ.App.—Galveston 1947, no writ); *American Nat'l Ins. Co. v. Points,* 131 S.W.2d 983 (Tex.Civ.App.—Dallas 1939, writ dism'd judgmt cor.).

had spent over nineteen hours, would that be approximately correct. In response to such inquiry Mrs. Leal stated "yes." There is no more testimony by any witness as to attorney's fees. There is some discussion by the attorneys before the court as to the attorneys submitting a supporting affidavit and an opposing affidavit, but if any were ever submitted they are not in the record. There is no evidence in the record to support an award of attorney's fees in the amount of $3,000.00, or in any amount. Plaintiff offered no proof of any kind of the reasonableness of the attorney's fees sought or recovered. The record is devoid of proof of the reasonableness of attorney's fees. An agreement to pay attorney's fees of $60.00 per hour or $200.00 per hour is not proof of its reasonableness.

The judgment must be reversed insofar as the award for recovery of $3,000.00 as attorney's fees is concerned.

■ The claim for attorney's fees is a severable claim. *Great American Reserve Insurance Co. v. Britton, supra, Uhl v. Uhl*, 524 S.W.2d 534 (Tex.Civ.App.—Fort Worth 1975, no writ); *Schecter v. Folsom*, 417 S.W.2d 180 (Tex.Civ.App.—Dallas 1967, no writ). Accordingly, we sever the claim as to attorney's fees. Nothing herein should be construed to question the trial court's discretion to award appellant attorney's fees in some amount upon proper proof.

We remand the severed cause to the trial court for a new trial. The remainder of the judgment is affirmed.